UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHAMBERLAIN,<br><br>  Plaintiff,<br><br>  v.<br><br>SPECIALIZED LOAN SERVICING, LLC, et al.,<br><br>  Defendants. | Case No. 21-cv-03541-HSG<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 21 |

Pending before the Court is Plaintiff William Chamberlain's ex parte application for a temporary restraining order ("TRO"), filed on June 2, 2021. Dkt. No. 21. For the following reasons, the application is **DENIED**.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order and issuing a preliminary injunction are substantially identical. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking preliminary relief must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to

the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## II.   DISCUSSION

On June 2, 2021, Plaintiff filed this ex parte application, seeking to enjoin the foreclosure sale of the property located at 2201 Melvin Road, Oakland, California 94602 (the "Property"), that is scheduled for June 14, 2021. Dkt. 21. Although Plaintiff brought claims against multiple Defendants, he acknowledges that Defendant Specialized Loan Servicing LLC ("SLS") "is the current servicer of his Loan" for the Property. Dkt. No. 1-2 ("FAC") ¶ 6. As such, the requested temporary restraining order would enjoin SLS from foreclosing on the Property.[1] Plaintiff has not, however, demonstrated a likelihood of success on the merits as to SLS.

Plaintiff alleges five causes of action against SLS. The first four causes of action allege violations of the Real Estate Settlement Procedures Act ("RESPA") claiming that SLS allegedly failed to provide Plaintiff with accurate loss mitigation options and failed to respond in writing to Plaintiff's appeals of SLS's loan modification determinations. FAC, ¶¶ 27-51. The last cause of action is a derivative California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*, claim based on the alleged RESPA violations. FAC, ¶¶ 52-60.

SLS argues that Plaintiff's claims fail because the RESPA protections that Plaintiff seeks to invoke do not apply to the loan at issue here. Dkt. No. 26 ("Opp.") at 8-9. The provisions of RESPA cited by Plaintiff in the FAC apply to "any federally related mortgage loan, as that term is defined in § 1024.2 subject to the exemptions in § 1024.5(b), *but do*[] *not include open-end lines of credit (home equity plans)*." 12 C.F.R. § 1024.31 (emphasis added); *see also* 12 C.F.R. § 1024.30 (specifying that "this subpart applies to any mortgage loan, as that term is defined in § 1024.31"). In the FAC, Plaintiff specifically alleges that his loan is "a Home Equity Line of Credit." FAC ¶ 11. Similarly, Plaintiff's declaration in support of his TRO application states that

---

[1] Defendant Bank of America confirmed with Plaintiff's counsel that the temporary restraining order is not being sought against Bank of America and is being sought against only SLS. Dkt. No. 22 at 1; Dkt. No. 22-1 ¶ 2.

1  he "obtained a Home Equity Line of Credit." Dkt. No. 21-1 ¶ 4. Plaintiff provides no explanation
2  in his TRO application as to why his home equity line of credit does not fall into the exemption for
3  "open-end lines of credit (home equity plan)."[2]

4      SLS has also requested judicial notice of two deeds of trust, including the deed of trust
5  referenced by Plaintiff in the FAC and declaration. Dkt. Nos. 28; 28-1; 28-2. The Courts finds
6  that judicial notice is appropriate because the deeds of trust are matters of public record, not
7  generally subject to dispute. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018);
8  s*ee also, e.g.*, *Perez v. Am. Home Mortg. Servicing, Inc.*, No. C 12-00932 WHA, 2012 WL
9  1413300, at *2 (N.D. Cal. Apr. 23, 2012) (taking judicial notice of deed of trust, notice of default,
10 assignment of deed of trust, and substitution of trustee, all recorded with Alameda County
11 Recorder's Office). Further, these deeds of trust "form[] the basis of plaintiff's claim" and are
12 thus appropriate to incorporate by reference. *Id.* at 1002.

13     The deed of trust and assignment of rents, recorded in Alameda County on November 23,
14 2005, confirms SLS's argument that Plaintiff's loan was an open-end home equity line of credit.
15 *See* Dkt. No. 28-2 at ECF 3 (referencing "a revolving credit agreement" secured by the Property).

16     Given Plaintiff's own allegations that the loan was a home equity line of credit, and the
17 judicially-noticeable documents provided by SLS, the Court finds that Plaintiff has failed to make
18 a clear showing that his loan was subject to the provisions of RESPA that form the basis of his
19 federal claims and his derivative UCL claim. Accordingly, the Court finds that Plaintiff has not
20 established a likelihood of success on the merits of his claims, or even raised "serious questions
21 going to the merits" such that the Court need examine the other prongs of the preliminary
22 injunction test. *See All. for the Wild Rockies*, 632 F.3d at 1131-1132.

---

[2] Plaintiff was made aware of SLS's argument that his loan was not protected by the provisions of RESPA that form the basis of his claim well before he filed his TRO application. SLS's arguments in its opposition to the TRO are substantially similar to the arguments made by SLS in its motion to dismiss, filed on May 19, 2021. Dkt. No. 8. The deadline for Plaintiff to oppose, or otherwise respond to, SLS's motion to dismiss was June 2, 2021. *Id.* Plaintiff failed to respond to the motion to dismiss by June 2. Instead, Plaintiff filed the TRO application on that date. Dkt. No. 21. Plaintiff thus had the opportunity, and the incentive, to explain in his TRO application why his loan falls within the relevant RESPA provisions. He failed to do so.

### III. CONCLUSION

Plaintiff has not demonstrated that the extraordinary relief of a temporary restraining order is warranted, and his ex parte application is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 10, 2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge