UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHAMBERLAIN,<br><br>        Plaintiff,<br><br>    v.<br><br>SPECIALIZED LOAN SERVICING, LLC, et al.,<br><br>        Defendants. | Case No. 21-cv-03541-HSG<br><br>**ORDER TO SHOW CAUSE** |

On May 18, 2021, Defendant Bank of America filed a motion to dismiss. Dkt. No. 5. The deadline for Plaintiff to oppose or otherwise respond to the motion to dismiss was June 1, 2021. On May 19, 2021, Defendant Specialized Loan Servicing filed a motion to dismiss. Dkt. No. 8. The deadline for Plaintiff to oppose or otherwise respond to the motion to dismiss was June 2, 2021. Plaintiff failed to file an opposition or any other response by June 1 or June 2. Bank of America then filed a reply noting this failure and seeking dismissal on the ground that Plaintiff had conceded the merits of its arguments by not opposing them. Dkt. No. 24.

On June 9, 2021, the Court issued an order directing Plaintiff to file any opposition to the motions to dismiss by June 11, 2021 and warning that failure by Plaintiff to oppose the motions to dismiss by June 11, 2021 could result in dismissal without further notice. Dkt. No. 25. On June 11, 2021, Plaintiff filed a notice of non-opposition to Defendant Specialized Loan Servicing's motion to dismiss. Dkt. No. 32. Plaintiff makes no mention of the motion to dismiss filed by Bank of America. *Id.* In his notice of non-opposition, Plaintiff indicates his intention to file a Second Amended Complaint by June 18, 2021. *Id.*

Plaintiff appears to believe that that the relevant response deadlines for the motions to dismiss are calculated from the date of re-notice rather than from the date of filing. *Id.* ("Plaintiff

will file the Second Amended Complaint on or before June 18, 2021, or 21 days from the service of said Re-Notice."). He is wrong. Civil Local Rule 7-3 clearly provides that "the opposition must be filed and served not more than 14 days after the motion was filed." Civil L.R. 7-3(a). The rule also explains that "Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline." *Id.* Similarly, a statement of non-opposition must be filed "within the time for filing and serving any opposition." Civil L.R. 7-3(b). Plaintiffs' failure to comply with these deadlines wasted the Court's and the parties' time and resources.

Given Plaintiff's seeming misunderstanding (intentional or unintentional) of the Court's deadlines, and given the Court's recent denial of Plaintiff's ex parte application for a temporary restraining order, the Court **DIRECTS** Plaintiff to **SHOW CAUSE** why:

1. Plaintiff's case should not be dismissed as moot in light of the foreclosure sale that was scheduled for June 14, 2021;
2. Plaintiff's claims against Defendant Bank of America should not be dismissed without leave to amend given Plaintiff's lack of response to Bank of America's motion to dismiss; and
3. Plaintiff's counsel should not be sanctioned for failure to comply with the Local Rules.

Plaintiff is **DIRECTED** to file a response of 5 pages or less by June 17, 2021. Failure to respond may result in immediate dismissal of Plaintiff's case. The Court also reminds Plaintiff's counsel of his obligation to scrupulously adhere to the requirements of Federal Rule of Civil Procedure 11(b) in filing any Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: 6/15/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge